UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    CRIMINAL NO. 04-80623

v.                                     HON. JOHN CORBETT O'MEARA

DORIAN SYKES,

        Defendant.
_____/

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, and Frances Lee Carlson, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding defendant Dorian Sykes, who is scheduled to be sentenced on March 22, 2005. For the reasons provided below, the government recommends a sentence within the Guideline range of **77 to 96 months** and respectfully requests that the sentence be imposed to run **consecutive** to his undischarged term of imprisonment from docket number 03-80028.

I.      BACKGROUND

On February 11, 2003, a grand jury indicted defendant and co-defendants Brian Gibson and Jarrod Johnson in a four count First Superseding Indictment. Defendant was charged in counts one, two and four: Bank Robbery, in violation of 18 U.S.C. § 2113(a); Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

-1-

On February 3, 2004, defendant pled guilty to Counts one, two and four of the indictment. While testifying under oath during his plea hearing before this Court, defendant stated the following:

- He, along with his two co-defendants, Brian Gibson and Jarrod Johnson, planned the robbery of a bank in Warren, Michigan.

- On December 10, 2002, he, along with co-defendant Jarrod Johnson, entered the bank.

- Co-defendant Jarrod Johnson used a firearm to intimidate bank employees during the robbery

Co-defendant Jarrod Johnson went to trial on the bank robbery indictment. Defendant Dorian Sykes testified on Jarrod Johnson's behalf during the trial. While testifying under oath, defendant Sykes stated the following:

- He committed the December 10, 2002 bank robbery only with his uncle, Brian Gibson.

- Brian Gibson is the person who entered and robbed the bank with defendant Sykes.

Defendant Sykes knew that the testimony he gave as a witness at the June 9, 2004 trial was false and that the testimony was irreconcilably contradictory to the statements he made at his February 3, 2004 plea hearing. The February 3, 2004 and June 9, 2004 testimony regarding who was involved in the bank robbery was material to both proceedings in determining the ultimate issue of guilt.

II. <u>SENTENCING CALCULATION</u>

    A.    <u>Statutory Maximum Sentence</u>

As set forth in 18 U.S.C. § 1623, the maximum sentence that may be imposed on defendant is 5 years imprisonment.

    B.    <u>The Sentencing Guidelines After Booker</u>

In <u>United States v. Booker</u>, 2005 WL 50108 (U.S. Jan. 12, 2005), the Supreme Court held that the United States Sentencing Guidelines, when used to create mandatory sentence ranges, violate the Sixth Amendment principles articulated in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). The Court remedied this violation by simply eliminating a defendant's vested and protected interest in the lower sentence range. The Court did this by excising that part of the Sentencing Reform Act which had made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1.

The Court made emphatically clear that federal sentences must conform to the goals and policy determinations set forth by Congress in § 3553(a), including most significantly the goal of reducing sentencing disparity. The first step in that effort remains the calculation of a Sentencing Guideline range, in accordance with the U.S. Sentencing Guidelines. As directed by the Court, "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." <u>Id.</u> at *27. The <u>Booker</u> court also reemphasized the requirement that every federal criminal sentence continue to reflect the values and factors set forth in § 3553(a). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or

vocational training, medical care, or other correctional treatment in the most effective manner;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." Although it is always difficult to put a specific number to a value or idea, by distilling the collective wisdom of thousands of sentencing decisions and adding its own expertise the Sentencing Commission has done exactly that. The resulting ranges cannot, and should not, be disregarded lightly.

Accordingly, consistent with all of the opinions in Booker, a sentence within the Sentencing Guideline range is presumptively reasonable, and accommodates the Congressional purpose, affirmed by the Supreme Court, of obtaining fair sentences which are uniform to the extent possible.  In this case, as explained further below, no unusual circumstances exist which warrant an exception to the preference for Guideline sentencing.  Therefore, the government respectfully recommends that the Court sentence the defendant within the Guidelines range set forth below.

### C. Sentencing Guidelines Calculations.

The Probation Department, in its presentence investigation report, determined a guideline range of 77 to 96 months, based on a total offense level of 21 (includes a 3 point reduction for acceptance of responsibility) and a criminal history category of VI.  The government agrees with the Guideline calculations of the Probation Department, which represent a reasonable and appropriate sentence in this case.

### D.  Imposition of Sentence

 Under federal law, the presumption is that a sentence will be consecutive to a previously imposed sentence unless the court orders differently.  See 18 U.S.C. § 3584(a).  The pertinent

guideline provision is USSG § 5G1.3. It addresses three scenarios: (a) commission of the instant offense while serving the prior undischarged term of imprisonment; (b) a situation other than (a) where the undischarged term of imprisonment resulted from offenses that have been fully taken into account in determining the offense level for the instant offense; and (c) all other cases. It is the third scenario that applies here.

In deciding whether to impose a concurrent, partially concurrent, or consecutive sentence, section 5G1.3(c) directs the sentencing court to consider the same factors in 18 U.S.C. § 3553(a) that apply to any sentence determination, as well as certain additional factors. Those additional factors are: "(a) the type (*e.g.*, determinate, indeterminate/parolable) and length of the prior undischarged sentence; (b) the time served on the undischarged sentence and the time likely to be served before release; (c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or a different federal court; and (d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense." USSG § 5G1.3, comment. (n.3) (2004).

III.     GOVERNMENT'S RECOMMENDATION

As set forth in the PSR, with an offense level of 21 and a criminal history category of VI, defendant falls within the sentencing range of 77 to 96 months. The government respectfully recommends that the Court impose a period of incarceration within this Guideline range. With regard to the imposition of the sentence, the Court should keep in mind that the goal of

subsection (c) is "to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c). Keeping this in mind, the government requests that the entire sentence run consecutive to defendant's undischarged term of imprisonment from docket number 03-80028. Such a sentence would recognize the values and factors set forth in § 3553(a), such as: the seriousness of defendant's offense conduct including the fact that it constitutes an entirely separate harm than the crime for which he is currently serving a sentence; the defendant's criminal recidivism; his history of probation and parole violations; the defendant's escalating criminal activity; the defendant's deserved and just punishment; to promote respect for the law and adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.

For all of the above reasons, the government respectfully recommends that the Court impose a period of incarceration within the Guidelines range established by the PSR and consecutive to defendant's undischarged term of imprisonment.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney

_____
s/Frances Lee Carlson P62624
Assistant United States Attorney
211 W. Fort Street, Ste 2001
Detroit, Michigan 48226
Phone: (313) 226-9696
E-mail: frances.carlson@usdoj.gov

Date:  March 18, 2005

### CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2005, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Douglas R. Mullkoff
Kessler & Mullkoff

s/Frances Lee Carlson    P62624
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone:  (313) 226-9696
E-mail: frances.carlson@usdoj.gov
